# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| KIMBERLY NORWOOD, | * | |
| and CLIFFORD NORWOOD, | * | No. 15-145V |
| as parents and natural guardians of | * | Special Master Christian J. Moran |
| CASSIDI NORWOOD, a minor | * | |
| | * | Filed: October 13, 2015 |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Attorneys' fees and costs; award in |
| SECRETARY OF HEALTH | * | the amount to which respondent does |
| AND HUMAN SERVICES, | * | not object. |
| | * | |
| Respondent, | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Donald P. Edwards, Law Office of Donald P. Edwards, Atlanta, GA, for petitioner;
Michael P. Milmoe, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On October 12, 2015, petitioners filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioners' application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their application to request $15,000.00, an amount to which respondent does not object. The Court awards this amount.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On February 13, 2015, Kimberly and Clifford Norwood filed a petition for compensation on behalf of their minor child, Cassidi Norwood, alleging that the diphtheria-tetanus-acellular pertussis (DTaP), inactivated poliovirus (IPV), haemophilus influenza type b (Hib), pneumococcal conjugate vaccine (PCV), polio, and rotavirus vaccines administered on February 13, 2012, caused Cassidi to suffer seizures.  Petitioners voluntarily dismissed the action, however, and the court concluded proceedings pursuant to Vaccine Rule 21(a).  Order, issued May 22, 2015.

Even though the petition was voluntarily dismissed, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners gathered medical records, obtained an affidavit, attempted to retain an expert, and moved for a decision on the record when further investigation revealed that petitioners were unlikely to prove their case.  Thus, because petitioners' counsel acted in good faith and because there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek a total of **$15,000.00** in attorneys' fees and costs.  In compliance with General Order No. 9, petitioners represent to respondent that they advanced no monies for reimbursable costs in pursuit of their claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $15,000.00 in the form of a check made payable to petitioners and petitioners' attorney, Donald P. Edwards, of the Law Office of Donald P. Edwards, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master